Filed 9/19/23  P. v. Martinez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B324493 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA116053) |
| v. | |
| IRVING MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County.  Chet L. Taylor, Judge.  Affirmed.

Susan Wolk, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Irving Martinez appeals from the trial court's postjudgment order terminating his probation and sentencing him to a two-year term in state prison. Martinez's appellate counsel filed a brief asking this court to proceed under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

In a felony complaint filed on January 5, 2021, the Los Angeles County District Attorney's Office charged Martinez with one count of carrying a concealed dirk or dagger (Pen. Code,[1] § 21310), and one count of vandalism causing $400 or more in damage or destruction (§ 594, subd. (b)(1)). At the time the complaint was filed, Martinez had a number of prior convictions, including two convictions for robbery.

On April 27, 2021, Martinez pled no contest to the felony vandalism count. The trial court accepted the plea and suspended imposition of the sentence. The court placed Martinez on formal probation for two years on the condition that he serve 180 days in the county jail. Martinez was awarded 34 days of custody credit, consisting of 17 days of actual custody credit and 17 days of conduct credit. The remaining count was dismissed pursuant to the plea.

On July 22, 2022, Martinez failed to appear in court for a possible violation of probation. The trial court revoked the probation and issued a bench warrant for Martinez. On July 26, 2022, Martinez appeared in court, and the matter was set for a probation violation hearing.

At a hearing on August 17, 2022, Martinez admitted to a violation of his probation. The trial court terminated Martinez's

---

[1] Unless otherwise stated, all further statutory references are to the Penal Code.

2

probation and sentenced him to the middle term of two years. The court initially ordered that the sentence could be served in county jail. However, at a hearing on August 30, 2022, the court found that Martinez was ineligible for a county jail sentence because he had suffered two prior strike convictions, and ordered him to serve his two-year term in state prison. Martinez was awarded a total of 233 days of custody credit, consisting of 207 days of actual custody credit and 26 days of conduct credit.

On August 31, 2022, Martinez filed a notice of appeal from the trial court's August 17 and 30, 2022 orders based upon the sentence or other matters occurring after the plea. On December 16, 2022, our Administrative Presiding Justice issued an order providing that this appeal is limited to issues that do not require a certificate of probable cause.

We appointed counsel to represent Martinez on appeal. After an examination of the record, appellate counsel filed an opening brief which raised no issues and requested this court conduct an independent review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. On May 30, 2023, we advised Martinez that he had 30 days in which to submit a supplemental brief stating any grounds for appeal or arguments he wished for this court to consider. Martinez did not submit a supplemental brief.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause may only challenge the denial of a motion to suppress evidence or assert grounds arising after the entry of the plea that do not affect the plea's validity. (§ 1237.5; Cal. Rules of Court, rule 8.304(b).) We have examined the record with respect to sentencing or postplea issues that do not in substance challenge the validity of the plea itself. Based on our examination of this

3

record, we are satisfied Martinez's attorney has fully complied with the responsibilities of counsel, and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The postjudgment order terminating probation and imposing a two-year prison sentence is affirmed.


VIRAMONTES, J.


WE CONCUR:


STRATTON, P. J.


WILEY, J.

4